IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JAN CARLOS LANDA-JUAREZ,**

    Petitioner,

v.      *      Civ. No. DLB-26-620

**PAMELA BONDI,** *et al.*,

    Respondents.

## ORDER

Jan Carlos Landa-Juarez, a citizen of Mexico, entered the United States without inspection on January 6, 2023. ECF 1, ¶ 1 Before his arrest, Landa-Juarez resided with his domestic partner and seven-month-old child in Maryland for one year and in Delaware for two years. *Id.* ¶ 27.

On February 10, 2026, Landa-Juarez drove to a Walmart in Salisbury, Maryland. *Id.* ¶ 24. Upon entering the parking lot, Landa-Juarez saw what appeared to be Immigration and Customs Enforcement (ICE) vehicles and he attempted to drive out of the parking lot. *Id.* ¶¶ 24, 25. The ICE agents followed him in their vehicles, surrounded Landa-Juarez's moving vehicle, and struck the bumper of his car. *Id.* ¶ 25. The ICE agents then removed Landa-Juarez from his vehicle and took him to ICE detention in Baltimore, Maryland. *Id.* ¶¶ 25, 26. Landa-Juarez filed this petition for a writ of habeas corpus while detained there. *Id.* ¶¶ 1, 26.

Upon consideration of the petition for a writ of habeas corpus, ECF 1, and prior decisions by this Court and by judges in this district with which this Court agrees, *see, e.g.*, *Lopez v. Noem*, No. GLR-25-3662, 2025 WL 3496195 (D. Md. Dec. 5, 2025); *Bautista Villanueva v. Bondi*, No. ABA-25-4152, 2026 WL 100595 (D. Md. Jan. 14, 2026); and *Villanueva Funes v. Noem*, No. TDC-25-3860, 2026 WL 92860 (D. Md. Jan. 13, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Landa-Juarez is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b). Landa-Juarez may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Landa-Juarez's request for release from custody. The Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)—in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—has been vacated and cannot serve as a basis for denying a bond hearing. *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026). Even if *Yajure Hurtado* had not been vacated, the Court disagrees with the holding and agrees with the vast majority of federal district courts that have held *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at *6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at *2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at *4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at *5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *7 (W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at *5 (C.D. Cal. Nov. 19, 2025). If the immigration court concludes that it lacks jurisdiction to consider the merits of Landa-Juarez's bond request on the basis of *Yajure Hurtado*, Landa-Juarez will not receive the process to which this Order entitles him.

Therefore, it is this 19th day of February, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. Landa-Juarez's petition for a writ of habeas corpus IS GRANTED in part;

2. Landa-Juarez SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within 10 days of the filing of Landa-Juarez's motion;

3. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Landa-Juarez's detention and need not be conducted in Maryland;

4. The bond hearing MUST COMPLY in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions;

5. The parties SHALL FILE a status report as soon as possible following the bond hearing before the immigration judge, but in any event no later than within seven days of the bond hearing;

6. If Landa-Juarez is not provided a bond hearing, at which the merits of his request for release are reached, within 10 days of the filing of his motion, the respondents SHALL RELEASE Landa-Juarez from detention, and such release SHALL BE subject to the same conditions that applied before Landa-Juarez's February 10, 2026 arrest; and

7. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge